UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————X

DARNELL McCRAY,

Plaintiff,                                    CV-11-4175 (SJF)(GRB)

-against-

                                              OPINION & ORDER
COUNTY OF SUFFOLK, N.Y.,

Defendant.

————————————————————X

FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 09 2013   ★

LONG ISLAND OFFICE

On or about August 29, 2011, *pro se* plaintiff Darnell McCray ("plaintiff") commenced this

action pursuant to, *inter alia*, 42 U.S.C. § 1983 against the County of Suffolk, N.Y. ("defendant"),

alleging violations of his constitutional rights. Defendant now moves for summary judgment

dismissing plaintiff's claims in their entirety pursuant to Rule 56 of the Federal Rules of Civil

Procedure and plaintiff cross-moves for leave to amend his complaint. For the reasons set forth

below, defendant's motion is granted and plaintiff's motion is denied.


I.      Background

        The complaint alleges that on or about May 29, 2010, plaintiff arrived at the Suffolk

County Correctional Facility ("SCCF") in Riverhead, New York, with broken fingers. (Compl., ¶¶

7-8). After he repeatedly complained of pain in his fingers, he was examined by personnel in the

SCCF's medical unit ("the Jail Medical Unit"), who "determined that he had one or more broken

fingers and advised [SCCF] personnel that he needed an operation." (Compl., ¶¶ 9-11). At some

point during plaintiff's incarceration at the SCCF, "one or more County employees advised him to

1

exercise his fingers." (Compl., ¶ 12).  Plaintiff claims that "[a]s a result of th[at] * * * wrongful and malicious conduct, [he] experienced physical injury, needless pain, humiliation, suffering, fright, emotional distress and was otherwise damaged * * *." (Compl., ¶ 14).  Plaintiff further alleges that "[t]he physical injuries sustained by plaintiff included improper healing of his fingers resulting in the need for an operation which will involve, inter alia[,] the deliberate breaking of his fingers." (Compl., ¶ 14).

Discovery is now complete and plaintiff has not identified any individual of the SCCF or Jail Medical Unit personally involved in the conduct alleged in his complaint, (Affirmation of Jason Bassett ["Bassett Aff."], ¶¶ 4-5), or offered any evidence that any custom or policy of defendant caused any employee of the SCCF or Jail Medical Unit to violate his constitutional rights, (Defendant's Statement Pursuant to Local Rule 56.1 ["56.1 Stat."], ¶ 1).  The only evidence submitted by plaintiff in support of his claims are his medical records from the Jail Medical Unit which indicate the following:

(1)     A medical questionnaire completed on May 30, 2010, upon plaintiff's intake at the SCCF, indicates that plaintiff had broken right fingers.  Plaintiff was referred to the Jail Medical Unit.

(2)     Plaintiff was seen at the Jail Medical Unit on May 30, 2010 for fractures of the third and fourth right metacarpal sustained four (4) days earlier, for which he had been evaluated at Brookhaven Memorial Hospital Medical Center ("Brookhaven").  It was noted that the splint that had been given to plaintiff at Brookhaven was intact.  Upon examination, there was swelling of plaintiff's right hand and limited range of motion of the third, fourth and fifth fingers secondary to the splint.  Plaintiff was

2

advised to elevate his right hand, to wear the splint and to rest; he was prescribed

Motrin; and he was housed on the medical tier.

(3)     On June 24, 2010, plaintiff was referred for an x-ray of his right fingers and right

hand to evaluate a healing fracture.

(4)     An x-ray of plaintiff's right hand performed by Eastern Portable X-Ray Corp. on

June 25, 2010 revealed comminuted, angulated fractures involving the base of the

proximal phalange of the third finger and the distal portion of the proximal

phalange of the second finger.

(5)     A July 1, 2010 entry indicates: "hand surgeon 8-10-10 8[:]30 consult[.]"

(6)     On August 20, 2010, a CT scan was performed on plaintiff's right hand.

(7)     On August 29, 2010, plaintiff was seen for a "Hand surgery follow up[.]"  Copies

of the CT scan were requested.

(8)     On September 29, 2010, plaintiff was seen for complaints of right hand pain

"following broken bones."  The report indicates that plaintiff had a consult with a

hand surgeon on September 21, 2010[1], but the report of that consult was

unavailable at that time.  Plaintiff reported that he "was told by them that they were

going to do surgery," but his comment could not be verified by the Jail Medical

Unit.  Upon examination, it was reported that plaintiff's right hand was bent at the

second and third fingers, there was minimal swelling and no tenderness.  Plaintiff

was given sportsgel because he was already taking Motrin that had been prescribed

---

[1] According to plaintiff, the hand surgery consult was performed at Stonybrook
Orthopedics.

3

by the dental unit.  It was noted that the Jail Medical Unit would obtain the consult report and follow the recommendations therein.

(9)     A November 30, 2010 entry is illegible, with the exception of a reference to hand surgery and a date and time, i.e., January 11, 2011 at 8:30 a.m.

(10)    Sometime between November 30, 2010 and June 1, 2011, the physical therapy department performed a physical evaluation of plaintiff, gave him instructions and "reinforce[d] [the] importance of doing exercises that PT discussed."  Plaintiff was "place[d] on sick call."

(11)    Another undated entry is almost identical to the immediately preceding one, with the exception that it was noted that the placement on sick call was "non urgent" and there is a notation that "no follow up @ [illegible] indicated."

(12)    On June 1, 2011, plaintiff was prescribed Tylenol for an unidentified reason.

(13)    On February 21, 2012, Dr. Dalecki, at Five Points Correctional Facility, reviewed x-rays of plaintiff's right hand performed on February 2, 2012, which revealed "old fractures 3rd/4th digits," and determined that no action was required at that time.

Plaintiff seeks leave to amend his complaint only to add Dr. V. Geraci, the director of the Jail Medical Unit, as a defendant.[2]  (Amend. Mot., at 1).

---

[2] Plaintiff also seeks "an order requiring the County Attorney to identify the exact names of all of the medical personnel whose signatures are given on each page of the relative medical records * * *, [as] [he] may need to call them as witnesses in the case at bar."  (Amend. Mot., at 1-2).  However, plaintiff did not seek this information at any time during the course of this proceeding despite ample time and opportunity to do so and discovery is now closed.

II.     Discussion

    A.     Standard of Review

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); see Ricci v. DeStefano, 557 U.S. 557, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations and citation omitted)).  "A fact is material if it might affect the outcome of the suit under governing law." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (quotations and citation omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011), cert. denied, 132 S. Ct. 1744, 182 L. Ed. 2d 530 (2012) (accord).  "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof).

5

If the district court determines that there is a genuine dispute as to a material fact, the court must then "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment," Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (internal quotations and citation omitted); see also Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) ("When considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor."), to determine whether there is a genuine issue for trial. See Ricci, 557 U.S. 557, 129 S.Ct. at 2677. "An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Rojas, 660 F.3d at 104 (quoting Anderson, 477 U.S. at 248, 106 S. Ct. 2505); see also Ramos, 687 F.3d at 558. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci, 557 U.S. 557, 129 S.Ct. at 2677 (quoting Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); see also Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) ("There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." (quotations and citation omitted)); Jeffreys, 426 F.3d at 553 ("The judge must ask not whether the evidence unmistakably favors ones [sic] side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." (quotations, alterations and citation omitted)).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact," Zalaski v. City of Bridgeport Police Department, 613 F.3d 336, 340 (2d Cir. 2010); see also Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010) (accord), after which the

6

burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011); see also F.D.I.C. v. Great American Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). Once the moving party meets its burden, the nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. Spinelli, 579 F.3d at 166 (internal quotations and citations omitted); see also Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original); see also Lyons v. Lancer Ins. Co., 681 F.3d 50, 56-7 (2d Cir. 2012), cert. denied, 133 S. Ct. 1242, 185 L. Ed. 2d 178 (2013); Jeffreys, 426 F.3d at 554. The nonmoving party cannot avoid summary judgment simply by asserting "some 'metaphysical doubt as to the material facts[,]'" DeFabio v. East Hampton Union Free School District, 623 F.3d 71,81 (2d Cir. 2010) (quoting Jeffreys, 426 F.3d at 554); "may not rely on conclusory allegations or unsubstantiated speculation," Jeffreys, 426 F.3d at 554 (quotations and citations omitted); see also DeFabio, 623 F.3d at 81; and must offer "some hard evidence showing that its version of the events is not wholly fanciful." Miner v. Clinton County, New York, 541 F.3d 464, 471 (2d Cir. 2008).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record * * *; or (B) showing that the materials cited do

7

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Rule 56(e) provides, in relevant part, that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: * * * (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed– show that the movant is entitled to it; * * *." Fed. R. Civ. P. 56(e). "Rule 56(e) * * * requires the nonmoving party to *go beyond the pleadings* and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file [as well as documents, electronically stored information, stipulations and other materials, <u>see</u> Fed. R. Civ. P. 56(c)(1)(A)],' designate 'specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. 2548 (emphasis added); <u>see also</u> <u>Holcomb v. Iona College</u>, 521 F. 3d 130, 137 (2d Cir. 2008) (accord).  "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves* * * *," <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. 2548 (emphasis added); <u>see also</u> <u>Fitzgerald v. Henderson</u>, 251 F.3d 345, 360-61 (2d Cir. 2001) ("In general, a party opposing a properly supported motion for summary judgment is not entitled to rely solely on the allegations of her pleading, but must show that there is admissible evidence sufficient to support a finding in her favor on the issue that is the basis for the motion."), unless the pleadings are verified in a manner "equivalent of the oath that would be given with respect to an affidavit," <u>Fitzgerald</u>, 251 F.3d at 361; <u>see also</u> <u>Patterson v. County of Oneida, New York</u>, 375 F.3d 206, 219 (2d Cir. 2004) ("[A] verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and

8

may be relied on to oppose summary judgment."); Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (holding that since the plaintiff had "verified his complaint by attesting under penalty of perjury that the statements [therein] were true to the best of his knowledge * * * [it] is to be treated as an affidavit for summary judgment purposes."), and assert factual matters other than upon "information and belief." See Patterson, 375 F.3d at 219; Fitzgerald, 251 F.3d at 361. "In ruling on a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial." Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008) (internal quotations and citations omitted); see also Lyons, 681 F.3d at 57 (accord. "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory * * * or based on speculation." Major League Baseball, 542 F.3d at 310; Katel Ltd. Liability Co. v. AT&T Corp., 607 F.3d 60, 67 (2d Cir. 2010) (accord); see also Brown, 654 F.3d at 358 (holding that the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" to defeat summary judgment). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

"Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence of record supporting each such fact. * * * If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement,

that fact will be deemed admitted." Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); see also Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) ("A party opposing summary judgment must respond with a statement of facts as to which a triable issue remains. See Local Rule 56.1(b). The facts set forth in a moving party's statement 'will be deemed to be admitted unless controverted' by the opposing party's statement. Local Rule 56.1(c)."); Local Civ. R. 56.1(a)-(c). Local Civil Rule 56.1(d) requires that "[e]ach [56.1] statement by the movant or opponent * * *, including each statement controverting any statement of material fact, [] be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Courts may decline to "consider as disputed any statement [in the movants' Local Rule 56.1 statement] supported by admissible evidence to which [the non-movant] objects, but does not support with evidence, * * *, in perfect accordance with Local Rule 56.1(d), * * *." Feis v. United States, 394 Fed. Appx. 797, 799 (2d Cir. Oct. 1, 2010) (summary order) (quotations and emphasis omitted). "[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Holtz, 258 F.3d at 74; see also New York Civil Liberties Union v. Grandeau, 528 F.3d 122, 132 (2d Cir. 2008). "[A]llegations * * * cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement." Holtz, 258 F.3d at 73; see also Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 245 (2d Cir. 2004) ("[T]he district court may not rely solely on the statement of undisputed facts contained in * * * [a] 56.1 statement * * * [and] must be satisfied that the citation to evidence in the record supports the assertion.") "[W]here there are no[] citations or where the cited materials do not support the factual assertions in the [56.1] Statements, the Court is free to disregard the assertion," Holtz, 258 F.3d at 73-4 (quotations and citations omitted), and review the

10

record independently. Id. at 74. However, "[w]hile the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." Monahan v. New York City Department of Corrections, 214 F.3d 275, 292 (2d Cir. 2000) (quotations and citations omitted); see also 24/7 Records, Inc. v. Sony Music Entertainment, Inc., 429 F.3d 39, 46 (2d Cir. 2005); Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (holding that Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.")

B.    Section 1983 Claim

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3)

11

causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S.Ct. 2018)); Humphries, 131 S.Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions– either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, *and was not merely negligent*." Id. (emphasis added); see also Cash, 654 F.3d at 334.

"[D]eliberate indifference may be inferred where the need for more or better supervision to

12

protect against constitutional violations was obvious * * * but the policymaker failed to make meaningful efforts to address the risk of harm to plaintiffs." Cash, 654 F.3d at 334 (quotations, alterations and citations omitted).  Moreover, "[i]n limited circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Connick, 131 S. Ct. at 1359.  "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted).  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id.  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 1360.[3]

Although prison officials have an "affirmative duty to protect those held in their custody," Cash, 654 F.3d at 335 (quotations and citation omitted), the existence of such a duty "does not mean that any harm that befalls a person in state custody necessarily manifests a municipal policy of deliberate indifference to prisoner safety." Id.

Although plaintiff alleges that defendant had a policy "of elevating budgetary considerations over the provision of adequate medical * * *, (Compl., ¶ 13), and "of treating prisoners as second class citizens and depriving them of care satisfying minimum community

---

[3]  Although the Supreme Court recognized "a narrow range of * * * hypothesized single-incident liability" based upon "an obvious need for some form of training," Connick, 131 S.Ct. at 1361, this case does not fall within that narrow and "rare" range of cases, particularly because plaintiff does not allege a complete lack of training of County or SCCF personnel or that County or SCCF staff had an "utter lack of an ability to cope with constitutional situations" that existed in the hypothesized single-incident case. Id. at 1363.

13

standards in order to cut the cost of providing medical care for prisoners," (Compl., ¶ 15), he has presented no evidence in support of such claims, or that any such policy caused him a constitutional injury. Moreover, in his opposition to defendant's motion, plaintiff makes no reference to any such policy nor does he explain how any policy of defendant caused him injury. Since plaintiff has not established that an official policy or custom of defendant caused him a constitutional injury, defendant's motion seeking summary judgment dismissing plaintiff's Section 1983 claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's Section 1983 claim is dismissed in its entirety with prejudice.

C.    Leave to Amend

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires," leave to amend is not required where a proposed amendment would be futile. Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); see also Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012). "Leave to amend may also properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

A Section 1983 claim must allege the personal involvement of any individual defendant in

14

the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut, 352 F.3d at 753; see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello, 632 F.3d at 48-9.

The only references to Dr. Geraci in the medical records are: (1) that the radiological report from Eastern Portable X-Ray Corp. is addressed to him; and (2) that a July 3, 2010 entry, pertaining to the prescription of Amoxicillin and Motrin to plaintiff and apparently unrelated to plaintiff's right hand, is addressed to him. Since plaintiff has not alleged, much less demonstrated, the direct participation of Dr. Geraci in any of the wrongdoing alleged in his complaint, nor any basis upon which to find Dr. Geraci liable in a supervisory capacity, any amendment to the complaint to add Dr. Geraci as a defendant would be futile, particularly at this late stage in the

proceeding, when discovery has already been completed. Accordingly, plaintiff's motion for leave to amend the complaint to add Dr. Geraci as a defendant is denied.


      D.     Supplemental Jurisdiction

      Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, see Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391-92, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); Mauro v. Southern New England Telecommunications, Inc., 208 F.3d 384, 388 (2d Cir. 2000), a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S.Ct. 1862, 1866-1867, 173 L.Ed.2d 843 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see also Kolari v. New York-Presbyterian Hospital, 455 F.3d 118, 122 (2d Cir. 2006). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S.Ct. 614; New York Mercantile Exchange, Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 118-119 (2d Cir. 2007); see also George v. Reisdorf Bros., Inc., 410 Fed. Appx. 382, 387 (2d Cir. Feb. 3, 2011).

     In light of the dismissal of the federal claim in this action, and upon consideration of all

relevant factors , i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over the remaining pendant state law claims.  Accordingly, plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  Plaintiff is advised that pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of **thirty (30) days after the date of this order,** unless a longer tolling period is otherwise provided under state law.


III.   Conclusion

For the reasons stated herein, defendant's motion for summary judgment dismissing the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; plaintiff's Section 1983 claims are dismissed in their entirety with prejudice; plaintiff's state law claims are dismissed in their entirety without prejudice to re-filing in the appropriate state court pursuant to 28 U.S.C. § 1367(c); and plaintiff's motion for leave to amend the complaint is denied.  The Clerk of the Court shall enter judgment in favor of defendant and against plaintiff, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties.


SO ORDERED.                          s/ Sandra J. Feuerstein

                                     SANDRA J. FEUERSTEIN
                                     United States District Judge


Dated: September 9, 2013
       Central Islip, N.Y.